```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


BTU VENTURES, INC., and BTU
INDUSTRIES HOLDINGS USA,
INC.,
    Plaintiffs,

        v.                                    CIVIL ACTION NO.
                                              09-10058-JLT
MARTIN BETANCOURT,
    Defendant and
    Third Party Plaintiff,

        v.

WAEL AL MAZEEDI and BTU
VENTURES, INC.,
    Third Party Defendants.
```

### MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOCKET ENTRY # 82)

### August 3, 2011

**BOWLER, U.S.M.J.**

Pending before this court is the above styled motion to compel filed by plaintiffs BTU Ventures, Inc. and BTU Industries Holdings USA, Inc. ("plaintiffs"). (Docket Entry # 82). After conducting a hearing on July 20, 2011, this court took the motion (Docket Entry # 82) under advisement.

### DISCUSSION

After considering the disputed facts in the record, including the August 24, 2009 email (Docket Entry # 84, Ex. 3),

and conducting an in camera review of the withheld documents, this court finds that defendant Martin Betancourt ("defendant") established that Pierre F. de Ravel d'Esclapon, Esq. ("de Ravel") was acting in a legal capacity and that defendant was seeking confidential legal advice from de Ravel.  See F.D.I.C. v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000) (attorney client "relationship comes into being 'when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance'"); see also In re Moore, 866 N.E.2d 897, 900 n.3 (Mass. 2007) ("lack of a writing does not preclude a finding that an attorney-client relationship was formed"); see generally Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 883 (1st Cir. 1995) ("privilege protects 'not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice'").

    Carefully considering the waiver argument, however, defendant fails to establish that the privilege has not been waived with respect to the subject matter of certain previously disclosed communications.  See Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995)

(waiver of attorney client privilege "premised on inadvertent disclosure will be deemed to encompass 'all other such communications on the same subject'"); see also Matter of Reorganization of Elec. Mut. Liability Ins. Co., Ltd. (Bermuda), 681 N.E.2d 838, 840 (Mass. 1997) (burden to show the protected communications have not been waived "rests on the party asserting the privilege"). In addition, a number of documents simply refer to dates and times of meetings or telephone calls. See Refuse & Environmental Systems, Inc. v. Industrial Services of America, 120 F.R.D. 8, 12 (D.Mass. 1988) (allowing the plaintiffs to "inquire, for example and without limitation, as to the dates, times, places and duration of meetings between Attorney Joseph and his clients' but not allowing inquiry "into the actual contents of any communications"). Applying the foregoing caselaw, the in camera documents subject to production are DM006685, DM006686, DM006690, DM006691, DM006692, DM006693, DM006710, DM006711, DM006712, DM006713, DM006714 and DM006717.

## CONCLUSION

In accordance with the foregoing discussion, the motion to compel (Docket Entry # 82) is **ALLOWED** in part and **DENIED** in part.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge